UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ABACO DRILLING TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PV FLUID PRODUCTS, INC. ET AL.,<br><br>Defendants. | Civil Action No. 4-20-cv-01946<br><br>JURY TRIAL DEMANDED |

PV FLUID PRODUCTS, INC. AND GARY STEPHEN KYKER'S
MOTION TO DISMISS UNDER RULE 12(B)(6)

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Nature and Stage of the Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues To Be Decided . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Abaco's trade-secret claims are barred by limitations. . . . . . . . . . . . . . 4

   1. The statute of limitations for trade-secret claims is three years. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   2. The limitations period for Abaco's trade-secret claims began to run no later than December 15, 2016. . . . . . . . . . . . . . . . 6

      a. Abaco is a sophisticated business that monitors patent filings to stay up-to-date on technological developments in its industry.. . . . . . . . . . . . . . . . . . . . . . . . . 6

      b. The application for the '834 Patent was published more than three years before Abaco filed this lawsuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      c. Publication of the '834 Patent application put Abaco on constructive notice of the alleged theft of its trade secrets.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B. Abaco's conspiracy claim fails because it is not supported by a viable underlying tort. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*,
    580 S.W.3d 136 (Tex. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Associated Mach. Tool Techs. v. Doosan Infracore Am., Inc.*,
    No. 4:15-cv-2755, 2017 WL 1409071 (S.D. Tex. Apr. 19, 2017) . . . . . . . . . . . . 12

*Bustos v. Martini Club Inc.*,
    599 F.3d 458 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Civelli v. J.P. Morgan Chase Sec., LLC*,
    No. CV H-17-3739, 2018 WL 3121793 (S.D. Tex. June 26, 2018) . . . . . . . . . . 11

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
    918 S.W.2d 453 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cosgrove v. Cade*,
    468 S.W.3d 32 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*HECI Expl. Co. v. Neel*,
    982 S.W.2d 881 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hue Nguyen v. Chapa*,
    305 S.W.3d 316 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) . . . . . . . . 6

*Informatics Applications Gr., Inc. v. Shkolnikov*,
    836 F. Supp. 2d 400 (E.D. Va. 2011) . . . . . . . . . . . . . . . . . . . . . . 10

*Jones v. Alcoa, Inc.*,
    339 F.3d 359 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lovelace v. Software Spectrum*,
    78 F.3d 1015 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mooney v. Harlin*,
    622 S.W.2d 83 (Tex. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Norris v. Hearst Trust*,
    500 F.3d 454 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oddo v. Union Pac. R.R. Co.*,
    No. CV 4:17-3350, 2019 WL 2176170 (S.D. Tex. May 20, 2019) . . . . . . . . . . . 6

*Pemex Exploración Y Producción v. Big Star Gathering Ltd L.L.P.*,
    No. CV H-10-1997, 2014 WL 12596522 (S.D. Tex. Feb. 11, 2014) . . . . . . . . . . 6

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*,
    No. 218-cv-14, 2019 WL 4392525 (E.D. Tex. June 11, 2019) . . . . . . . . . . . . 10

*Robertson v. Plano City of Tex.*,
   70 F.3d 21 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*S.V. v. R.V.*,
   933 S.W.2d 1 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Scanlan v. Tex. A&M Univ.*,
   343 F.3d 533 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Seghers v. Hilti, Inc.*,
   No. 4:16-cv-244, 2016 WL 6778539 (S.D. Tex. Nov. 16, 2016). . . . . . . . . . . . . 4

*Sontag Chain Stores Co. v. Nat'l Nut Co. of Cal.*,
   310 U.S. 281 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Stoneeagle Servs., Inc. v. Gillman*,
   No. 3:11-cv-02408, 2013 WL 12124599 (N.D. Tex. Apr. 10, 2013). . . . . . . . . . . . 8

*Trammell Crow Co. No. 60 v. Harkinson*,
   944 S.W.2d 631 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Via Net v. TIG Ins.*,
   211 S.W.3d 310 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wang v. Palo Alto Networks, Inc.*,
   No. C 12-05579, 2014 WL 1410346 (N.D. Cal. Apr. 11, 2014) . . . . . . . . . . . . 10

*WesternGeco v. Ion Geophysical Corp.*,
   No. CIV.A. 09-CV-1827, 2009 WL 3497123 (S.D. Tex. Oct. 28, 2009) . . . 8, 9, 10, 11

**STATUTES**

18 U.S.C. § 1836 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Civ. Prac. & Rem. Code § 16.010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**RULES**

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . 1, 4, 8, 9, 10

## NATURE AND STAGE OF THE PROCEEDING

Abaco Drilling Technologies LLC filed its Complaint against PV Fluid Products, Inc. and Gary Stephen Kyker on May 3, 2020. It served PV Fluid and Dr. Kyker with notice of the action on June 5.[1] Abaco seeks relief including: correction of inventorship of four PV Fluid's patents; declaration of ownership of the four patents; damages for the alleged breach of a consulting agreement between Abaco and Dr. Kyker; damages for alleged misappropriation of trade secrets; and damages for an alleged conspiracy between PV Fluid and Dr. Kyker to misappropriate trade secrets.

PV Fluid and Dr. Kyker bring this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, they move to dismiss Abaco's trade-secret claims as barred by limitations and its conspiracy claim as unsupported by an underlying tort.

## ISSUES TO BE DECIDED

1. Whether Abaco's trade-secret claims should be dismissed under Rule 12(b)(6) for failure to state a claim because they are barred by limitations. An order dismissing a case under Rule 12(b)(6) is reviewed *de novo*. *Robertson v. Plano City of Tex.*, 70 F.3d 21, 23 (5th Cir. 1995) ("We review a 12(b)(6) dismissal *de novo*.").

2. Whether Abaco's conspiracy claim should be dismissed under Rule 12(b)(6) for failure to state a claim because it is based on a tort that is barred by limitations. An order dismissing a case under Rule 12(b)(6) is reviewed *de novo*. *Id.*

---

[1] *See* Affidavit of Service, ECF No. 8 at 3 (PV Fluid); Affidavit of Delivery, ECF No. 9 at 3 (Dr. Kyker).

## BACKGROUND

**Relevant Facts**

Abaco alleges the following facts, which are taken as true for the purposes of this motion.[2]

- Abaco conducts business related to downhole motors used in the subterranean drilling industry.[3]

- In 2012, Abaco entered into a Consulting Agreement with Dr. Kyker, under which Dr. Kyker agreed to help Abaco develop NBR "elastomer compounds for use in the oil/gas well drilling motor stator component of power sections."[4]

- The Consulting Agreement required Dr. Kyker to assign all inventions he developed while working for Abaco to Abaco.[5]

- The Consulting Agreement prohibited Dr. Kyker from disclosing Abaco's confidential information and from using it without Abaco's authorization.[6]

- Dr. Kyker assisted Abaco in developing a stator compound called N80-25.[7]

- "N80-25 is a stator compound including an acrylonitrile butadiene isoprene rubber (NBIR) polymer elastomeric base."[8]

- The Consulting Agreement was set to terminate in November 2012, but Dr.

---

[2] Although PV Fluid and Dr. Kyker dispute many of Abaco's allegations, a district court in deciding a motion to dismiss must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

[3] Complaint ¶ 10.

[4] Complaint ¶ 12. Abaco explains that "[i]n oil and gas drilling, the downhole motor assembly typically includes a rotating shaft ('rotor') that is housed inside of a stator." *Id.* at 3 n.1.

[5] Complaint ¶ 13.

[6] Complaint ¶¶ 14, 15.

[7] Complaint ¶¶ 18, 19.

[8] Complaint ¶ 20.

Kyker wanted to terminate the Consulting Agreement early so he could go to work for PV Fluid, one of Abaco's competitors.[9]

- PV Fluid hired Dr. Kyker so it could get Abaco's confidential information and use it to compete against Abaco.[10]

- Dr. Kyker obtained four patents that disclose Abaco's confidential information, including key features of the N80-25 stator compound.[11]

- Dr. Kyker assigned the patents to PV Fluid.[12]

**Causes of Action**

Based on those alleged facts, Abaco brings fourteen claims.

- Correction of Inventorship of the four patents (Counts I–IV)[13];

- Declaration of Ownership of the four patents (Counts V–VIII)[14];

- Breach of the Confidentiality Agreement (Count IX)[15];

- Misappropriation of Trade Secrets under:

    (i) the Federal Defend Trade Secrets Act (Count X)[16];

    (ii) the Texas Uniform Trade Secrets Act (Count XI)[17];

---

[9] Complaint ¶¶ 23, 24.
[10] Complaint ¶¶ 143, 144.
[11] Complaint ¶ 25. The patents at issue are U.S. Patent Nos. 9,796,834; 9,796,835; 9,988,513; and 10,442,916.
[12] Complaint ¶ 25.
[13] Complaint ¶¶ 33–56. Abaco seeks to add unnamed Abaco employees as inventors on the patents.
[14] Complaint ¶¶ 57–84. Abaco seeks a declaration that Abaco is the sole owner of the patents.
[15] Complaint ¶¶ 85–94.
[16] Complaint ¶¶ 95–107.
[17] Complaint ¶¶ 108–19.

(iii) the common law (Count XII) [18]; and

(iv) the Texas Theft Liability Act (Count XIII)[19];

- Civil Conspiracy (Count XIV).[20]

## SUMMARY OF THE ARGUMENTS

Abaco's trade-secret claims are barred by limitations. Abaco had notice of those claims no later than December 15, 2016, when the patent application for the '834 Patent at issue was published. The limitations period ended three years later, on December 15, 2019, but Abaco filed this action six months later, on June 3, 2020. The trade-secret claims are therefore barred and should be dismissed under Rule 12(b)(6). Abaco's conspiracy claim should also be dismissed because it depends on the trade-secret claims, without which it fails.

## ARGUMENTS

**A. Abaco's trade-secret claims are barred by limitations.**

   **1. The statute of limitations for trade-secret claims is three years.**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred." *Seghers v. Hilti, Inc.*, No. 4:16-cv-244, 2016 WL 6778539, at *5 (S.D. Tex. Nov. 16, 2016) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Abaco's trade-secret claims are governed by a three-year statute of limitations. The Texas Civil Practice and Remedies Code, which governs

---

  [18]  Complaint ¶¶ 120–30.
  [19]  Complaint ¶¶ 131–41.
  [20]  Complaint ¶¶ 142–46.

Abaco's common-law, TTLA, and TUTSA claims, states:

> (a) A person must bring suit for misappropriation of trade secrets not later than three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.
>
> (b) A misappropriation of trade secrets that continues over time is a single cause of action and the limitations period described by Subsection (a) begins running without regard to whether the misappropriation is a single or continuing act.

Civ. Prac. & Rem. Code § 16.010. Likewise, the Defend Trade Secrets DTSA provides that a trade-secret claim:

> may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered. For purposes of this subsection, a continuing misappropriation constitutes a single claim of misappropriation.

18 U.S.C. § 1836(d).

Both the Civil Practice and Remedies Code and the DTSA expressly incorporate the "discovery rule," which defers the running of limitations "in limited circumstances where 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Cosgrove v. Cade*, 468 S.W.3d 32, 36 (Tex. 2015) (quoting *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V. v. R.V.*, 933 S.W.2d 1, 7 (Tex. 1996). Whether an injury is inherently undiscoverable is a legal question "decided on a categorical rather than case-specific basis; the focus is on whether a type of injury rather

than a particular injury was discoverable." *Via Net v. TIG Ins.*, 211 S.W.3d 310, 314 (Tex. 2006). "The objectively verifiable element of the discovery rule is typically satisfied when the facts upon which liability is asserted can be demonstrated by direct, physical evidence." *Pemex Exploración Y Producción v. Big Star Gathering Ltd L.L.P.*, No. CV H-10-1997, 2014 WL 12596522, at *12 (S.D. Tex. Feb. 11, 2014) (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).

The discovery rule will not toll limitations if the plaintiff has constructive notice of an alleged injury. "Constructive notice is notice the law imputes to a person not having personal information or knowledge" that "creates an irrebuttable presumption of actual notice." *Oddo v. Union Pac. R.R. Co.*, No. CV 4:17-3350, 2019 WL 2176170, at *5 (S.D. Tex. May 20, 2019) (citing *HECI*, 982 S.W.2d at 887; *Hue Nguyen v. Chapa*, 305 S.W.3d 316, 324 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)). "A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records." *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981).

### 2. The limitations period for Abaco's trade-secret claims began to run no later than December 15, 2016.

#### a. Abaco is a sophisticated business that monitors patent filings to stay up to date on technological developments in its industry.

Abaco claims that since 2010, it has been a sophisticated company "in the business of developing, marketing, and selling technological advances in manufacturing, quality control, research and development, and customer service related to downhole motors

consisting of rotors and stators for use in the subterranean drilling industry."[21] More specifically, Abaco claims that it "develops stator compounds for use in downhole motors used in oil and gas drilling operations," and that it "has an established team of chemists, scientists, technicians, and engineers dedicated to the development of cutting-edge stator compound formulas."[22] To stay current with technological developments related to its business, Abaco monitors patent filings at the United States Patent Office (PTO).[23] In fact, Abaco purportedly learned of Dr. Kyker's alleged misconduct when it "discovered that Dr. Kyker had filed patents assigned to PV Fluid that resembled work developed in the course of Dr. Kyker's engagement with Abaco."[24]

### b. The application for the '834 Patent was published more than three years before Abaco filed this lawsuit.

Abaco claims that it first became aware of Dr. Kyker's alleged misconduct when it discovered that the '834 Patent at issue in this case disclosed "a stator compound" allegedly related to work that Dr. Kyker had performed at Abaco.[25] The '834 Patent, titled "Stator Compound Having an NBIR Terpolymer Elastomeric Base and Stators and Downhole Motors Using the Same," issued on October 24, 2017.[26] But as the patent states on its face, its application, which has the same title—and contains the same

---

[21] Complaint ¶ 10.
[22] Complaint ¶ 11.
[23] Complaint ¶ 24.
[24] Complaint ¶ 24.
[25] Complaint ¶¶ 24–25b, 31.
[26] Complaint ¶ 25a; *see* **Ex. A**: '834 Patent.

specification as each of the four patents at issue—was published on December 15, 2016,[27] more than three years before Abaco filed this lawsuit. The dispositive question, therefore, is whether the published patent application put Abaco on constructive notice of its claims. As explained below, it did.

### c. Publication of the '834 Patent application put Abaco on constructive notice of the alleged theft of its trade secrets.

In *WesternGeco v. Ion Geophysical Corp.*, No. CIV.A. 09-CV-1827, 2009 WL 3497123 (S.D. Tex. Oct. 28, 2009), the court addressed the question at issue here; namely, whether publication of a patent application constitutes constructive notice of alleged misconduct that starts the relevant limitations clock. The parties in that case, WesternGeco and Ion, had entered into a confidentiality agreement, under which they shared confidential information related to marine seismic technology. *Id.* at *1. Years

---

[27] **Ex. B**: U.S. Patent Application Publication No. US 2016/0362543. Although a motion to dismiss is directed at the face of the pleadings, a court may also take judicial notice of documents incorporated into the pleadings. *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."). A document is "incorporated in the complaint" if the plaintiff refers to the document in the complaint. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) ("[T]his Court restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."). Further, a court may take judicial notice of public records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). *See, e.g., Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-cv-02408, 2013 WL 12124599, at *3 n.3 (N.D. Tex. Apr. 10, 2013) ("The Court takes judicial notice of the '686 Patent because the documents are incorporated into the Amended Complaint and stand as public records.").

later, WesternGeco obtained patents claiming devices used to map the ocean floor, and it sued Ion for infringing them. *Id.* at *1–2. Ion counterclaimed, asserting, among other things, that the patents were based on confidential information that Ion had shared with WesternGeco under the terms of the confidentiality agreement, and that WesternGeco breached the agreement by using the information to obtain its patents. *Id.* at *2. WesternGeco moved to dismiss the counterclaim under Rule 12(b)(6), asserting that it was barred by limitations that began to run nine years earlier when one of the patent applications was published. *Id.* at *4.

The court agreed with WesternGeco, and its reasoning applies here. The court began by recognizing that "[u]pon publication of [the] patent application, the technology claimed by WesternGeco was no longer 'inherently undiscoverable.'" *Id.* at *5. Just as the issuance of a patent "constitutes notice to the entire world of its existence, regardless of whether other persons take it upon themselves to examine the records," so too, published patent applications "constitute notice to the world of their existence." *Id.* (citing *Sontag Chain Stores Co. v. Nat'l Nut Co. of Cal.*, 310 U.S. 281, 295 (1940) (holding that all the world is chargeable with constructive notice of existence of recorded patents)). The court further noted that as a company involved in developing and researching marine seismic technology, Ion had a strong interest in monitoring public records related to that technology, including published applications, and that it was not unreasonable to expect that it would do so. *Id.*

Accordingly, the court: (i) found that Ion had constructive notice of WesternGeco's

alleged breach through the published patent application; (ii) held that its claim was barred by limitations; and (iii) dismissed it under Rule 12(b)(6). *Id.* Numerous other courts have likewise held that published patent applications defeat the discovery rule by providing constructive notice of claims. *See Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 218-cv-14, 2019 WL 4392525, at *2 (E.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 218-cv-14, 2019 WL 2865079 (E.D. Tex. July 3, 2019) (holding the discovery rule did not apply because the plaintiff had constructive notice of a published patent application); *Wang v. Palo Alto Networks, Inc.*, No. C 12-05579, 2014 WL 1410346, at *3 (N.D. Cal. Apr. 11, 2014) (holding trade-secret claim was time barred where a published patent application put the plaintiff on constructive notice of the claim); *Informatics Applications Gr., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 422 n.16 (E.D. Va. 2011) (holding plaintiff was put on constructive notice of misappropriation claim by the publication of a patent application).

Based on these authorities, the published patent application that issued on December 15, 2016, "constitute[d] notice to the world of [its] existence, that is, notice of the specific technologies to which [PV Fluid] lay[s] claim." *See WesternGeco*, 2009 WL 3497123, at *5. And as a company in the business of developing "stator compounds for use in downhole motors used in oil and gas drilling operations,"[28] Abaco has a strong interest in monitoring public records related to that technology, including published

---

[28] Complaint ¶ 11.

patent applications—*especially* including applications titled "Stator Compound Having an NBIR Terpolymer Elastomeric Base and Stators and Downhole Motors Using the Same" invented by a former Abaco consultant and filed by a competitor. It is certainly reasonable to expect that Abaco would have done so. *See id.* Indeed, Abaco has alleged that it does monitor patent filings at the PTO, and that this is how it discovered Dr. Kyker's alleged misconduct.[29]

Abaco therefore had constructive notice of its trade-secret claims on December 15, 2016, when the '834 Patent application was published. Because this was more than three years before Abaco filed this lawsuit, its trade-secret claims are barred by limitations and should be dismissed.

### B. Abaco's conspiracy claim fails because it is not supported by a viable underlying tort.

"Since civil conspiracy is a derivative tort, [Abaco] must show that [PV Fluid and Dr. Kyker are] liable for some underlying tort to prevail on this cause of action." *See Civelli v. J.P. Morgan Chase Sec., LLC,* No. CV H-17-3739, 2018 WL 3121793, at *3 (S.D. Tex. June 26, 2018) (citing *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 635 (Tex. 1997)). Abaco's conspiracy claim depends on its trade-secret claims, which are barred by limitations.[30] And its breach-of-contract claim does not support a conspiracy claim because breach-of-contract is not a tort.[31] *See Associated Mach. Tool Techs. v. Doosan*

---

[29] Complaint ¶¶ 24–25b.
[30] *See* Complaint ¶¶ 142–46.
[31] Nor do its declaration-of-ownership and correction-of-inventorship claims, for the

*Infracore Am., Inc.*, No. 4:15-cv-2755, 2017 WL 1409071, at *4 (S.D. Tex. Apr. 19, 2017) ("[A] conspiracy to breach a contract is not actionable under Texas law."). Abaco's conspiracy claim therefore fails as a matter of law and should be dismissed.[32]

## CONCLUSION

For the reasons set forth above, Dr. Kyker and PV Fluid respectfully request that the Court (i) dismiss Abaco's trade-secret claims (including the claims brought under the common law, the Texas Theft Liability Act, the Texas Uniform Trade Secrets Act, and the Federal Defense of Trade Secrets Act) as barred by limitations and (ii) dismiss Abaco's conspiracy claim because it is based on the trade-secret claims that are barred by limitations.

---

same reason.

[32] In addition, Abaco's conspiracy claim is barred by limitations. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 143 (Tex. 2019), *reh'g denied* (Sept. 6, 2019) ("[W]e hold civil conspiracy is not an independent tort and its statute of limitations is that of the underlying tort.").

June 26, 2020                                    Respectfully submitted,

/s/ *Bruce Sostek*

Bruce Sostek, attorney-in-charge
  Texas State Bar No. 18855700
  Southern District No. 15126
  Bruce.Sostek@tklaw.com
Herbert J. Hammond
  Texas State Bar No. 08858500
  Southern District No. 18327
  Herbert.Hammond@tklaw.com
Catherine Reynolds
  Texas State Bar No. 24107599
  Southern District No. 3563232
  Catherine.Reynolds@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

ATTORNEYS FOR DEFENDANTS
PV FLUID PRODUCTS, INC. AND
GARY STEPHEN KYKER (D/B/A ELASTOMER CONSULTING)